# UNITED STATES DISTRICT COURT
## FOR THE SOUTHISN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **SARAFADEEN RUFAI**<br>Plaintiff,<br><br>v.<br><br><br><br><br><br>vs.<br><br>**ELWOOD STAFFING**<br>**SCHLUMBERGER TECHNOLOGY CORP.**<br>Defendants. | §§§§§§§§§§§§§§§§§ CIVIL ACTION NO. _____<br><br>COMPLAINT PURSUANT<br>TO THE AMERICANS WITH<br>DISABILITIES ACT<br><br>**JURY TRIAL DEMAND** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, Sarafadeen Rufai, and files his Complaint against the above named Defendants on the following grounds:

### INTRODUCTION

1. This is a civil action seeking judgment, relief and/or damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate same. This Court has jurisdiction of this action pursuant to U.S.C. §§ 1331 and 1343(4).

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 2828 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas. The unlawful employment practices complained of in this lawsuit

were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## THE PARTIES

4. Plaintiff is a male, Texas resident and lives in Houston, Harris County, Texas.

5. Upon information and belief, Defendant Elwood Staffing is a foreign corporation based in Indiana but also registered with the Secretary of State for the State of Texas to conduct business in the State of Texas, and may be served with process at its principal place of business located at 1111 Central Avenue, Columbus, Indiana 47202 or its registered agent, CT Corporation System, 350 North Saint Paul Street, Suite 2900, Dallas 75201.

6. Defendant Schlumberger is a domestic corporation registered with the secretary of state to transact business in Texas and may be served with process through its agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201. It may also be served with process through its agent, Rodney Nelson, at 100 Gillingham Lane, MD8, Sugar Land, Texas 77478.

## ADMINISTRATIVE PROCEDURES

7. Prior to the filing of this lawsuit, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), complaining of discrimination on the basis of disability. Plaintiff filed this lawsuit upon notice from the EEOC that this matter was ripe for a lawsuit.

8. All condition precedent to the institution of this lawsuit have been fulfilled.

## FACTS

9. Plaintiff was employed by Defendant Elwood Staffing and Schlumberger and was working at Defendant Schlumberger's site of operations on March 30, 2013 when Plaintiff was involved in vehicular crash in the course of his employment. Plaintiff was trying to negotiate a

curve, the crane he was driving drifted off to the left. And, as he attempted to control the crane, it flipped over many times, landing on the driver's side first and ended on the passenger side. The crane slid for six to eight feet before coming to a rest. The force of the crash was so much that "the right outer wheel of the third axle separated from the vehicle."

10. Plaintiff Sarafadeen Rufai lost consciousness immediately following the crash. By the time other people got to the crane to rescue him, Plaintiff had lost consciousness and was hanging upside down by his seat belt. He was also bleeding profusely from the huge openings in his scalp and other parts of his body. Due to the grave situation, Plaintiff Sarafadeen Rufai was life flighted to Brook Army Medical Hospital where he was in the emergency room for a total of twelve (12) days and later released to physical therapy which he has been undergoing since the accident. Plaintiff Sarafadeen Rufai suffered life altering injuries to his body, including large lacerations to his skull, cervical spine fractures, thoracic spine fractures, rib fractures, and weakness of his lower extremities.

11. Upon his release from the hospital, Plaintiff's abilities were limited due to the accident and he was instructed by the physicians that he could no longer perform the jobs he did before the crash. Defendants were aware of the limitations. However, instead of accommodating the Plaintiff, Defendants terminated the Plaintiff's employment and did not accommodate his disabilities arising from the crash. Defendants thereby violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as amended, for discrimination based upon a disability and the failure to accommodate same.

12. The Plaintiff has satisfied all statutory prerequisites for filing this action by filing complaints with the EEOC. Plaintiff filed this lawsuit only after receiving notice of rights to sue. The Plaintiff filed this action within 90 days after receipt of the "Right to Sue" letter.

13. Defendants' Discriminatory conduct has caused the Plaintiff to suffer a loss of pay, benefits and prestige.

14. Defendant's action have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

15. The unlawful employment practices complained of above were intentional.

16. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of Plaintiff Sarafadeen Rufai's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

i. That the Court order the Defendants to reinstate Plaintiff's employment;

ii. That the Court grant full front pay to the Plaintiff;

iii. That the Court grant full back pay to the Plaintiff;

iv. That the Court grant Plaintiff compensatory damages for the humiliation, emotional distress, and other damages caused by the Defendant's conduct;

v. That the Court grant Plaintiff punitive damages for Defendant's malicious and reckless indifferent conduct;

vi. That the Court grant Plaintiff all employment benefits he would have enjoyed had he not been discriminated and retaliated against;

vii. That the Court grant the Plaintiff expenses of litigation, including reasonable attorneys' fees;

viii. That the Court grant the Plaintiff jury trial;

ix. That the Court grant the Plaintiff all other relief the Court deems just and proper;

x. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this 2nd day of April, 2015.

**OYEDEMI & ASSOCIATES, P.C.**

*/s/wakiloyedemi*

---

Wakil O. Oyedemi, Esq.
TBN : 24084291
101 Southwestern Boulevard, Suite 200
Sugar Land, Texas 77478
Tel: (832) 939- 8578
Fax: (832) 939-8582
ATTORNEYS FOR PLAINTIFF
SARAFADEEN RUFAI